Roig, Recurrente, v. El Registrador de Humacao, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción de una escritura de hipoteca voluntaria.

No. 199.—Resuelto en junio 26, 1915.

Hipotecas—Créditos Refaccionarios Garantizados con Hipoteca—Hipotecas para Garantizar Cantidades Recibidas o que Deban Recibirse.—Los artículos 59, 60 y 94 de la Ley Hipotecaria se refieren a la anotación preventiva de créditos refaccionarios y a la conversión de dicha anotación e inscripción hipotecaria, y no a hipotecas expresamente constituídas para garantir cantidades ya recibidas y que debían recibirse en el futuro para un destino indicado.

Id.—Obligaciones Futuras—Terceros.—De acuerdo con los artículos 142 y 143 de la Ley Hipotecaria, como la hipoteca es una obligación accesoria, puede constituirse para la seguridad del cumplimiento de cualquiera especie de obligación permitida por las leyes, ya sea pura, ya sea condicional, ya a día cierto, ya desde cierto día, ya por la que se contrae de presente, ya por la que se contrae de futuro o se piensa contraer; por toda la deuda, por parte de ella, por las obligaciones naturales y por las civiles; de modo que puede no ser eficaz en la obligación principal y serlo, sin embargo, la hipoteca constituída por un tercero garantizándola.

Id.—Inscripciones de Hipoteca—Requisitos de la Inscripción—Deber del Registrador—Terceros.—En las inscripciones de hipotecas deberá expresarse con claridad la cantidad de que responde la finca por razón de capital, de intereses y de costas; pero si en la escritura no se hace esa distinción, el registrador deberá atenerse a lo que de ella resulte, sin que deba estimar como defecto el que no se haga esa distinción, porque lo importante es saber de qué responde la finca en perjuicio de tercero.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco González.*

El registrador recurrido Sr. Miguel ¡Planellas compareció en nombre propio.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El presente es un recurso gubernativo contra nota del Registrador de la Propiedad de Humacao por virtud de la cual se negó la inscripción de cierta hipoteca voluntaria. En 16 de agosto de 1914, en Humacao, comparecieron ante el notario público Francisco González, Vicente Valázquez y su esposa María Peña, de una parte, y de otra, Antonio Roig Torrellas, como presidente de la compañía azucarera "El Ejemplo," corporación organizada con arreglo a las leyes de Puerto Rico, y otorgaron una escritura de refacción, siembra y molienda de cañas y garantía hipotecaria.

En dicha escritura, entre otros particulares, se hace constar que los comparecientes Velázquez y su esposa son dueños de un predio rústico de 21 cuerdas, que se describe debidamente, poseyendo además Velázquez en arrendamiento otra parcela de terreno de la propiedad del otro compareciente Roig Torrellas; que Velázquez tiene sembradas 16 cuerdas de cañas en la finca arrendada y tres en la de su propiedad; que Roig Torrellas se compromete a refaccionar a Velázquez para el cultivo, siembra y corte de las cañas, $30 por cada cuerda de plantilla, $10 por cada cuerda de tocón o retoño y 70 centavos por cada tonelada de corte y cargado de vagones, confesando Velázquez que desde el 7 de marzo de 1914 en que empezó la refacción, hasta la fecha de la escritura, ha recibido a cuenta de la dicha refacción $1,021.31; que las cuentas de refacción devengarán el interés del 1 por ciento mensual que se irá cargando a ella y se liquidará todo al final de cada zafra o cosecha en 30 de junio de los años 1915 y 1916, abonando a ella el importe del azúcar elaborada, y, por último, que los dichos Velázquez y su esposa constituyeron "hipoteca por el importe o alcance de la refacción a favor de la compañía azucarera 'El Ejemplo' sobre la finca rústica de su propiedad descrita en el hecho primero de la parte expositiva de esta escritura, cuya hipoteca se amplía

también a la cantidad de $100 para el caso que tenga que procederse judicialmente al cobro.''

Presentada la escritura en el registro, se negó su inscripción por medio de la siguiente nota:

''Denegada la inscripción de la hipoteca contenida en este documento, porque no pudiendo conocerse según el mismo el importe de la refacción en cuya garantía se constituye aquel gravamen, no aparece expresada la extensión del derecho que se pretende inscribir; y se tomó anotación por 120 días de acuerdo con la ley, en el tomo 24 de Humacao, al folio 231 vto. finca No. 1066 (*inscrip*) digo anotación A. Humacao, 18 de septiembre de 1914. Miguel Planellas. Registrador de la Propiedad.''

El registrador sostiene además en un alegato presentado en apoyo de su nota, que la Ley Hipotecaria le prohibe la inscripción de una hipoteca en garantía de créditos hipotecarios ilíquidos, y cita al efecto los artículos 60, 59 y 94 de dicha ley.

Después de un cuidadoso estudio del caso, opinamos que debe revocarse la nota recurrida y ordenarse la inscripción solicitada con el defecto subsanable que se indicará más adelante.

Los artículos de la Ley Hipotecaria invocados por el registrador, se refieren a la anotación preventiva de créditos refaccionarios y a la conversión de dicha anotación e inscripción hipotecaria, y en el presente caso no se trata simplemente de un crédito refaccionario, sino de una hipoteca expresamente constituída para garantir las cantidades ya recibidas y que debían recibirse en el futuro para el destino indicado en la escritura.

Que puede constituirse una hipoteca para garantir una obligación futura, está expresamente previsto en la Ley Hipotecaria, artículos 142 y 143. Comentando Galindo esos artículos se expresa como sigue:

''Como la hipoteca en una obligación accesoria, puede constituirse para la seguridad del cumplimiento de cualquiera especie de obligación permitida por las leyes, ya sea pura, ya sea condicional, ya

a día cierto, ya desde cierto día, ya por la que se contrae de presente, ya por la que se contrae de futuro o se piensa contraer; por toda la deuda, por parte de ella, por las obligaciones naturales y por las civiles; de modo que puede no ser eficaz en juicio la obligación principal, y serlo, sin embargo, la hipoteca constituída por un tercero, garantizándola.'' 3 Galindo, Legislación Hipotecaria, 353.

Es cierto que no se fija por modo preciso la extensión de la obligación hipotecaria, pero ella podrá fijarse cuando se liquide la cuenta de refacción para cuya liquidación se consignan bases en la escritura.

''En las inscripciones de hipoteca deberá expresarse con claridad la cantidad de que responde la finca por razón de capital, de intereses y de costas; pero si en la escritura no se hizo esa distinción, el registrador deberá atenerse a lo que de ella resulte, sin que deba estimar como defecto el que no se haga esa distinción, porque lo importante es saber de qué responde la finca en perjuicio de tercero.'' 1 Galindo, Legislación Hipotecaria, 594.

En el presente caso, si bien no se fija una cantidad determinada como cuantía de la hipoteca, se señala con toda claridad la naturaleza de la obligación constituída, obligación que por virtud de esa misma naturaleza no podía liquidarse en el momento en que quedó constituída, refiriéndose su liquidación a una fecha determinada. Y de todo lo debido en esa fecha responderá la finca en perjuicio de tercero. Dicha suma total en ningún caso podía exceder de cierta cantidad máxima que puede determinarse ligeramente haciendo un cálculo basado en los datos que constan en la misma escritura. Por consiguiente, esta escritura debido al error en cuestión no puede ocasionar inconveniente alguno a ninguna persona como no sea a las mismas partes.

Debe revocarse la nota recurrida.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.